Jeremiah **JOHNSON**, Plaintiff,

v.

**GENERAL MILLS, INC. and Yoplait USA, Inc., Defendants.**

No. SACV 10–00061–CJC(ANx).

United States District Court, C.D. California, Southern Division.

Jan. 5, 2012.

Cullin A. O'Brien, Robbins Geller Rudman & Dowd LLP, John B. Patterson, Mark J. Dearman, Stuart A. Davidson, Balkan & Patterson LLP, Boca Raton, FL, Jonathan M. Stein, Law Office of Jonathan M. Stein, P.L., Leslie Hurst, Thomas Joseph O'Reardon, II, Timothy G. Blood, Blood Hurst & O'Reardon LLP, Cameron J. Gharabiklou, The Law Offices of Cameron J. Gharabiklou, San Diego, CA, Frank E. Piscitelli, Jr., Piscitelli Law Firm, Highland Heights, OH, Jayne A. Goldstein, Shepherd Finkelman Miller & Shah LLP, Weston, FL, Randall W. Edwards, O'Melveny & Myers, San Francisco, CA, for Plaintiff.

Randall W. Edwards, O'Melveny & Myers, San Francisco, CA, Benjamin W. Hulse, Corey L. Gordon, Jerry W. Blackwell, Blackwell Burke PA, Minneapolis, MN, Brian C. Anderson, Christopher D. Catalano, O'Melveny & Myers LLP, Washington, DC, Margaret Amalia Moeser, O'Melveny & Myers LLP, Los Angeles, CA, for Defendants.

## ORDER DISCHARGING ORDER TO SHOW CAUSE WHY THE CERTIFIED CLASS SHOULD CONTINUE TO INCLUDE PURCHASERS OF YOPLUS CONTAINED IN THE FOURTH GENERATION PACKAGING

CORMAC J. CARNEY, District Judge.

### INTRODUCTION & BACKGROUND

Mr. Johnson has brought claims on behalf of himself and putative class members asserting that General Mills, Inc. and Yoplait USA, Inc. (collectively "Defendants") violated California's Unfair Competition Law ("UCL") and Consumers Legal Remedies Act ("CLRA") by falsely representing that YoPlus yogurt products promote digestive health.[1] Mr. Johnson alleges that Defendants communicated this misrepresentation through product packaging and other forms

---

1. Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. See Fed.R.Civ.P. 78; Local Rule 7–15. Accordingly, the hearing set for January 9, 2012, at 1:30 p.m. is hereby vacated and off calendar.

of marketing including television, newspaper, magazine, internet, and direct mail advertisements. On April 20, 2011, this Court granted Mr. Johnson's motion for class certification. The Court found that Mr. Johnson's claims met the commonality and predominance requirements for class certification required by Rule 23 of the Federal Rules of Civil Procedure because both the CLRA and UCL claims presented core issues of law and fact, and those issues predominated over the issues in the case that would have to be determined on an individual basis. These common issues included: (1) whether General Mills communicated a representation—through YoPlus packaging and other marketing, including television and print advertisements—that YoPlus promoted digestive health; (2) if so, whether that representation was material to individuals purchasing YoPlus; (3) if the representation was material, whether it was truthful; in other words, whether YoPlus does confer a digestive health benefit that ordinary [2] yogurt does not; and (4) if reasonable California consumers who purchased YoPlus were deceived by a material misrepresentation as to YoPlus' digestive health benefit, what is the proper method for calculating their damages.

After this Court granted certification, the United States Supreme Court issued a decision in *Wal–Mart v. Dukes*, —— U.S. ——, 131 S.Ct. 2541, 180 L.Ed.2d 374 (2011) clarifying the requirements for a finding of commonality under Rule 23(a). In light of the *Wal–Mart* decision, Defendants brought a motion for class decertification, which the Court denied based on both *Wal–Mart* and *Stearns v. Ticketmaster*, 655 F.3d 1013 (9th Cir.2011), a case which directly addressed the issue of class certification of claims brought pursuant to the UCL and the CLRA. On October 17, 2011, Mr. Johnson filed a motion for a pretrial conference regarding the issues of class notice dissemination and a motion to limit the class period to exclude purchasers of YoPlus contained in the fourth generation packaging ("fourth generation purchasers") that Mr. Johnson believed Defendants intended to file. (Dkt. Nos. 141, 145.) Defendants responded that

because the Court did not set a deadline for seeking partial decertification and the summary judgment motion deadline is March 9, 2012, it would be premature to require them to file a motion challenging the inclusion fourth generation purchasers. (Dkt. No. 146, at 1.) Additionally, Defendants indicated that the same issue was pending before the Florida district court's companion case, and that, if that court included fourth generation purchasers, Defendants would be unlikely to pursue partial decertification in this case. (*Id.*) The Court, seeking to resolve the issue in a timely fashion before notice was sent to the class, issued an order directing Mr. Johnson to show cause why the class definition should continue to include persons who purchased YoPlus contained in the fourth generation packaging. (Dkt. No. 147.) After the Court issued its order to show cause, the Florida district court reviewing the same evidence, expanded its class definition to include fourth generation purchasers, but did so without explaining its reasoning. *See Fitzpatrick v. General Mills, Inc.*, [Dkt. No. 181], Case No. 09–cv–60412–PCH (S.D.Fla. Dec. 12, 2011).

The issue currently before the Court is whether the class should continue to include fourth generation purchasers. The fourth generation of YoPlus packaging began to appear on retail shelves around January of 2011. While the fourth generation packaging retains the YoPlus name, mentions probiotics (the bacteria alleged to provide the digestive health benefit), and compares YoPlus yogurt to Dannon's Activia (the leading brand of digestive health yogurt), the packaging does not contain an explicit statement regarding digestive health. (Pl.'s Resp. to OSC, at 3; *Id.* Ex. B.) Additionally as of December 2, 2011, the YoPlus website continued to state "Yoplait YoPlus Yogurt—Proactive Nutrition Yogurt to Improve Digestive Health" and displayed the fourth generation packaging. (*Id.* Ex. C.) For the following reasons, the Court finds that the class properly includes fourth generation purchasers, and DISCHARGES the order to show cause.

---

**2.** By "ordinary," the Court refers to commercially available yogurts that are not specifically marketed as having a digestive health benefit.

## ANALYSIS

### A. Commonality and Predominance

 Defendants assert that keeping fourth generation purchasers in the class would destroy commonality and predominance because, unlike previous packaging, there is no digestive health message explicitly on the package. To satisfy the commonality requirement, the plaintiff must establish that "there are questions of law or fact common to the class." Fed.R.Civ.P. 23(a)(2). "Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury,'" which "does not mean merely that they have all suffered a violation of the same provision of law." *Wal-Mart Stores, Inc.* 131 S.Ct. at 2551. The "claims must depend on a common contention" and "[t]hat common contention ... must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* "The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1019 (9th Cir.1998).

 Mr. Johnson has presented sufficient facts to show that all of the class members' claims have at their heart a common contention: Defendants made a material misrepresentation regarding the digestive health benefits of YoPlus that violated the UCL and the CLRA. The class members all assert they were misled by a common advertising campaign that had little to no variation. Mr. Johnson has presented evidence demonstrating that Defendants marketing campaign was prominent and not limited to statements made on the YoPlus packaging, and that the veracity of the digestive health method can be adjudicated once for the class as a whole, even as to fourth generation purchasers. The common questions Mr. Johnson identified still apply to the fourth generation purchasers because the packaging was not the only method of communicating the digestive health message. Moreover, each generation of packaging cannot be assessed in isolation from the marketing message presented previously: Yoplait continued to call their product YoPlus, continued to advertise that it contained probiotics, an ingredient advertised as providing the digestive health message prominently on the package, still made comparisons to Activia, the leading digestive health yogurt, and continued to present an explicit assertion that YoPlus improved digestive health on its website. A purchaser of this package could have reasonably associated Yoplait's representations regarding digestive health through advertising, the website, and previous packaging and displays with the fourth generation product and purchased it based on that representation. Additionally, Mr. Johnson correctly notes that California law permits him to seek relief for future purchasers of the product who were misled by the lingering impressions made by the advertising campaign. *See Consumers Union of U.S., Inc. v. Alta–Dena Certified Dairy,* 4 Cal.App.4th 963, 972–73, 6 Cal. Rptr.2d 193 (1992). While Mr. Johnson bears the burden at trial of proving that the allegedly false digestive health message continued to influence fourth generation purchasers, this issue is capable of common resolution. Accordingly, permitting the class period to include fourth generation purchasers does not defeat a finding of commonality.

Common issues predominate over individual ones, even as to fourth generation purchasers. Regardless of how the message was communicated, the claims brought by Mr. Johnson on behalf of the class under the UCL and the CLRA center around a common question: Did Defendants state a false claim of a digestive health benefit that a reasonable person would have been deceived by, for purposes of the UCL, or would have attached importance to, for purposes of the CLRA? While an individualized determination as to whether each class member purchased YoPlus based on the common advertising campaign may be required to determine whether he or she is entitled to damages, this does not significantly alter the balance of common and individual issues, and does not warrant decertification. Mr. Johnson has presented evidence of a unitary message, despite the different mechanisms by which it was communicated, and thus he has satisfied the commonality and predominance requirements.

## B. Typicality

Yoplait also challenges certification as to the fourth generation purchasers because Mr. Johnson, who did not purchase YoPlus in the fourth generation packaging, is not typical of those class members who did. The Court disagrees. Mr. Johnson's claims are sufficiently typical to satisfy Rule 23(a)(3) even as to fourth generation purchasers. Under the requirement's "permissive standards," claims are typical if they are "reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir.1998). Both Mr. Johnson's and the fourth generation purchasers' claims center on the assertion that in deciding to purchase YoPlus they relied to their detriment on the allegedly false digestive health message communicated by Defendants. Mr. Johnson's claims are, therefore, "reasonably co-extensive" with those of the fourth generation purchasers, and he satisfies the typicality requirement.

## CONCLUSION

For the foregoing reasons, the Court's order to show cause is DISCHARGED.